Rec'd for filing 1/9/14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - X

Babatunde Olabopo,

                Plaintiff,

- against -

Milinda Henry Gomes,
The City of New York,
City of New York,
New York Police Department,
Norris, Badge # 6804,
Tjornhom, Badge # 6010,
Zaleski, Badge # 8987
Zielinski, Badge # 8664
New York City Department of Buildings,
Walter Olsen, Badge # 2186
FDNY
Jane Bragen
George Sotiroff ~~(City of New York, Department of Housing and Preservation)~~
Verron Lewis ~~(City of New York, Department of Housing and Preservation)~~
Best Century Realty Corporation
Actual Best Century Realty Corporation
Jon Silveri

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - X

ORIGINAL

FIRST AMENDED ~~AMMENDED~~ COMPLAINT

CV 13 5052

MAUSKOPF, J

BLOOM, MJ

RECEIVED
JAN - 8 2014
PRO SE OFFICE

I. Parties:

    Plaintiff <u>Babatunde Olabopo</u>, resides at <u>PO Box 20284, Staten Island, NY 10302</u>

Defendant <u>Milinda Henry Gomes</u>, resides at <u>1402 N. Causeway Blvd, Mandeville, Louisania 70471</u>

Defendant <u>The City of New York</u>, resides at <u>Corporation Counsel, 100 Church Street, NY, NY 10007</u>

Defendant <u>City of New York</u>, resides at <u>Corporation Counsel, 100 Church Street, NY, NY 10007</u>

Defendant <u>New York Police Department</u>, resides at <u>One Police Plaza, Madison St, NY, NY 10038</u>

Defendant <u>Norris (Badge #6804)</u>, resides at <u>122nd Precinct, 2320 Hylan Blvd, Staten Island, NY 10306</u>

Defendant <u>Tjornhom (Badge #6010)</u>, resides at <u>122nd Precinct, 2320 Hylan Blvd, Staten Island, NY10306</u>,

Defendant <u>Zaleski (Badge #8987)</u>, resides at <u>122nd Precinct, 2320 Hylan Blvd, Staten Island, NY10306</u>,

Defendant <u>Zielinski (Badge #8664)</u> ), resides at <u>122nd Precinct, 2320 Hylan Blvd, Staten Island, NY 10306</u>
,
Defendant <u>New York City Department of Buildings</u>, resides at <u>280 Broadway, 7th floor New York, NY 10007</u>

Defendant <u>Walter Olsen</u>, resides at <u>New York City Department of Buildings, 280 Broadway, 7th floor, New York, NY 10007</u>

Defendant FDNY, resides at

Defendant Jane Bragen, resides at <u>FDNY</u>

Defendant George Sotiroff, resides at <u>City of New York, Department of Housing Preservation and Development 180 Gold St NY, NY 10038</u>

Defendant Verron Lewis, resides at resides at <u>City of New York, Department of Housing Preservation and Development 180 Gold St NY, NY 10038</u>

Defendant <u>Best Century Realty Corporation</u> resides at 1876 Watson Ave, Bronx, NY, NY 10472

Defendant <u>Actual Best Century Realty Corporation</u> resides at 1876 Watson Ave, Bronx, NY, NY 10472

Defendant <u>Best Century Realty Corporation</u> resides at <u>C/O Jon Silveri, ESQ, 65 Broadway, 7th fl. New York, New York 10006</u>

Defendant <u>Jon Silveri</u> resides at <u>Best Century Realty Corporation 1876 Watson Ave, Bronx, NY, NY 10472</u>

Defendant <u>Jon Silveri</u> resides at <u>65 Broadway, 7th fl. New York, New York 10006</u>

II. The jurisdiction of the Court is invoked pursuant to 42 USC § - violation of civil rights, section 1983 of U.S constitution, section1981 of U.S constitution, federal Fair Housing Act of 1968 and the federal Fair Housing Act Amendments Act of 1988, Fair Housing Act, **42 USC § 3604**, 4th amendment violation, diversity of citizenship and suing for amount exceeding $75,000, improper eviction, sexual harassment, harassment, negligence, retaliation

III. Statement of Claim

1. Plaintiff, Mr. Babatunde Olabopo, is a natural person of Nigerian ethnicity residing in the USA. Plaintiff is a resident of New York State, and events provoking this complaint occurred in New York State.

2. For purposes of this complaint, "landlord" refers to defendant Milinda Henry Gomes. "NYPD" refers to New York Police Department. "HPD officers" refer to City of New York,

Department of Housing Preservation and Development employees: George Sotiroff and Verron Lewis.

3. Since at least year 2008 the plaintiff has been experiencing continuing pattern of discrimination from the NYPD as well as violations of his constitutional rights.

4. Around September 2008, the plaintiff was savagely attacked by a gang of about 3 robbers in the Brownsville section of Brooklyn, and while trying to escape from the robbers who were following in pursuit the plaintiff ran into a marked NYPD vehicle on the expressway and sought their help. The NYPD officers, however, abandoned the plaintiff at the crime scene citing the excuse that they were on their way to a special assignment and didn't want to be delayed. The plaintiff was then again attacked by robbers who took the rest of the plaintiff's belongings and the plaintiff was later taken from the crime scene by ambulance to the Kings County Hospital for emergency surgery. After the plaintiff was discharged from the hospital, the plaintiff and members of his family sought the assistance of the NYPD in Brownsville, Brooklyn, to investigate the crime and the police officers that left the plaintiff at the crime scene, but the NYPD refused to investigate.

5. Around March 2009, the plaintiff's landlord physically assaulted and threatened to kill the plaintiff at the plaintiff's residence on 38 Reid Ave, Staten Island, NY 10305. The assistance of the NYPD was immediately sought. However, the NYPD refused to take any action against the landlord, but called the ambulance to take the plaintiff to the hospital for treatment. The plaintiff filed a complaint against the NYPD for their refusal to take action against the landlord.

6. On September 9, 2010, the NYPD stormed the plaintiff's apartment on 38 Reid Ave, Staten Island, NY 10305, without any notice or order from any court, forced their way into the plaintiff's apt and forcefully strip-searched the plaintiff and unlawfully kicked the plaintiff and his mother out of their apt.

7. The plaintiff and his mother were both residing in their apartment on 38 Reid Ave, Staten Island, NY, where they had lived for many months until September 9, 2010 when the NYPD abused its authority by forcefully removing the plaintiff and his mother from their place of residence without any prior notice(s) or any order from any court.

8. The plaintiff and his mother were the only residents in the apartment they were removed from, and they hadn't committed any crime and neither was any search warrant or eviction order issued

by any court granting the NYPD authority to forcefully enter the apartment that the plaintiff and his mother were residing in and forcefully evict both the plaintiff and his mother out of their apt.

9. The plaintiff and his mother had their civil rights violated. They were called the N-word and harassed and treated badly because of their race. Their fourth amendment right to privacy, and against unreasonable searches and seizures were also violated. The NYPD officers, and the Department of Building Inspector are also liable for illegal search and personal injury to the plaintiff.

10. On that September 9, 2010, the Department of Building Inspector Olsen came (without any court order and without any notice to the plaintiff and his mother) and forcefully entered their apartment and tried to illegally search their apartment. And because the Department of Buildings Inspector Olsen was told he was violating their due process rights by trying to forcefully search through their apartment (without permission or any court order or warrant) the Department of Buildings Inspector decided to retaliate by summoning the NYPD to immediately come and brutalize and kick the plaintiff and his mother out of their apartment. The NYPD came and forcefully brutalized and kicked the plaintiff and his mother out of their apartment.

11. Due to the NYPD's use of unreasonable and excessive force against the plaintiff and his mother, the plaintiff's mother who is a senior citizen started experiencing heart problems. The NYPD then invited EMT Bragen to take the plaintiff's mother to the hospital. However, instead of the EMT Bragen to try to help the plaintiff's mother, EMT Bragen acted discriminatorily and joined in the abuse been perpetrated against the plaintiff and his mother.

12. The plaintiff and his mother who is a senior citizen posed no danger to the NYPD officers at the time the officers decided to use extreme force in brutalizing and dehumanizing them. The NYPD didn't have cause to arrest the plaintiff or his mother because they were both nonviolent and nonthreatening, yet the NYPD officers decided to use extreme force to brutalize and dehumanize both the plaintiff and his mother.

13. After the NYPD had kicked the plaintiff and his mother out of their apartment on September 9, 2010 without court order or warrant or prior notice and after the NYPD had engaged in illegal search and seizure against the plaintiff and his property, as a cover up, the Department of Building now listed violations against the apartment.

14. The NYPD unlawfully kicked the plaintiff and his mother out of their apartment, and forced them to leave without their properties.

15. The City of New York, Department of Housing Preservation and Development who are supposed to provide shelter service and storage facility and make any needed emergency repairs to the apartment the plaintiff and his mother were removed from also acted negligently which enabled the plaintiff's landlord to steal the plaintiff's possession.

16. On September 24, 2010, about 2 weeks after the plaintiff had been unlawfully rendered homeless by the NYPD, the plaintiff was harassed and attacked at the Staten Island Ferry Terminal in front of NYPD (NYPD officer November from 120th Precinct). And despite been witness to the crime, the NYPD officer refused to arrest or inquire about the identity of the perpetrator of the attack.

17. On October 4, 2010, less than a month after the NYPD had unlawfully kicked out both the plaintiff and his mother from their Staten Island, NY apartment, the plaintiff sought the assistance of the NYPD against the landlord for refusing the plaintiff and his mother possession of their personal belongings. The responding NYPD officers (Zaleski 8987 and Zielinski 8664) refused to take any action against the landlord or allow the plaintiff or his mother file a police report. The plaintiff immediately filed a formal complaint against the NYPD for discrimination.

18. On September 2, 2011, the plaintiff who was still homeless responded to an ad on Craigslist website by Best Century Realty Corporation offering a "legal" apartment for rent. The plaintiff visited the Bronx, NY office of the real estate agent and the plaintiff was asked to pay application fee for the apartment. Before paying money for the apartment, the plaintiff sought assurance from the real estate agent that the apartment the plaintiff was been asked to pay for was legal and located above street level. The real estate agent assured the plaintiff that the apartment was legal and located above street level. After collecting money from the plaintiff the real estate agent showed the plaintiff an apartment that was located underground. Because of the misrepresentation on the part of the real estate agent, the plaintiff demanded his money back. [Please refer to Exhibits A and B.] However, the real estate agent refused to refund the money. The plaintiff then sought the assistance of the NYPD by telephone. The NYPD refused to assist the plaintiff. The plaintiff waited outside on the street for 3 hours. While waiting, anytime the plaintiff tried to wave down a passing NYPD car, on sighting that the plaintiff is black the NYPD

car would refuse to stop and just ignore the plaintiff's call for help. After waiting for 3 hours, the NYPD officers that finally came to the plaintiff refused to take a report or assist the plaintiff.

19. After so many incidents of discrimination and harassment at the City of New York, Department of Housing and Preservation (HPD) shelter where the plaintiff ended up residing and the HPD refusal to investigate or protect the plaintiff, the plaintiff and his mother were forced to abandon the shelter for their safety. The pattern of harassment and discrimination started from 2010 when the plaintiff and his mother were rendered homeless and continued through 2012.

20. On October 22, 2012, the plaintiff was savagely attacked, called racial and homophobic slurs and beaten by a team wielding law enforcement badges on Staten Island, NY. The NYPD officers that were later dispatched to the scene of the incident refused to take a report or assist the plaintiff.

21. The plaintiff was unlawfully searched. There has been a systemic pattern of NYPD violating the constitutional right of privacy of minorities in which a federal judge in NY (Judge Shira Scheindlin in Bronx NY ) recently stated in her ruling. And the plaintiff here was made victim to this kind of systemic pattern of violating rights of minorities by the NYPD by subjecting him to unreasonable searches and other violations of his constitutional rights. Furthermore, since at least year 2008 the plaintiff has also been unreasonably stopped and frisked by the NYPD on numerous occasions due to racial discrimination.

---

22. Pursuant to the aforementioned facts the plaintiff seeks to file the following charges against the landlord (Henry Milinda Gomes), Best Century Realty Corporation, Actual Best Century Realty Corporation, City of New York, The City of New York, New York Police Department, NYPD, Norris (NYPD officer, badge # 6804), Tjornhom (NYPD officer, badge #6010), Zaleski (NYPD officer, badge #8987), Zielinski (NYPD officer, badge # 8664), New York Department of Buildings, Walter Olsen, (City of New York, Department of Buildings Inspector Badge # 2186), FDNY, Jane Bragen (EMT, City of New York, Fire Department), George Sotiroff (City of New York, Department of Housing Preservation and Development), Verron Lewis (City of New York, Department of Housing Preservation and Development), Best Century Realty Corporation, Actual Best Century Realty Corporation, Jon Silveri (Best Century Realty Corporation).

COUNT 1.

BREACH OF CONTRACT

The landlord is liable for breach of contract because the landlord and the plaintiff entered into a lease agreement which required the landlord to give the plaintiff 30-days of notice prior to dissolving the agreement. Since the landlord failed to give the plaintiff the required 30-days notice prior to forcibly removing the plaintiff and his mother from the apartment, the landlord breached the terms of their lease agreement.

COUNT II
FRAUD

The plaintiff asserts that the landlord purposely misrepresented the condition of the apartment for the purpose of inducing the plaintiff to enter into a lease agreement with the landlord. The plaintiff suffered by physical, financial, and emotional injury as the result of the landlord's fraud.

COUNT III.
TRESPASS TO CHATTEL

The landlord is liable for trespass to chattel for his actions involving entering into the plaintiff's apartment and removing his personal and tangible property, while the plaintiff resided in the unit, and the action continued after the plaintiff was wrongfully removed from the apartment

COUNT IV.
BURGLARY

The plaintiff asserts that the landlord entered into his apartment without permission with the intention to remove the plaintiff's personal property and permanently deprive him of the use of said personal property.

COUNT V.
PERSONAL INJURY

The Plaintiff asserts that the landlord personally injured the plaintiff on at least two (2) different occasions, and the matter was immediately reported to the NYPD. On one occasion, the NYPD had to call the ambulance to take the plaintiff to the hospital after the landlord assaulted the plaintiff. The NYPD took reports of the assaults but never took any action directly against the landlord for assaulting the plaintiff.

## COUNT VI.
## CONSTRUCTIVE EVICTION.

The plaintiff asserts that the landlord constructively evicted him and his mother from the apartment when he changed the locks on the door to the apartment on October 4, 2010, without giving the plaintiff prior notice, and with the intention of permanently denying the plaintiff access to the apartment without cause.

## COUNT VII
## VIOLATION OF SECTION 1981 OF U.S CONSTITUTION

The landlord discriminated against the plaintiff based on race and did not honor the lease agreement that was entered into.

## COUNT VIII
## VIOLATION OF SECTION 1983 OF U.S CONSTITUTION

The landlord acted under the color of state law by going into the plaintiff's apartment and seized and stole the plaintiff's belongings after the NYPD had unlawfully removed the plaintiff and his mother from their apartment.

## COUNT IX
## VIOLATIONS OF FAIR HOUSING ACTS

The landlord violated federal housing acts of the U.S constitution by advertising an apartment for rent in a newspaper and then discriminating against the plaintiff during the lease agreement.

## COUNT X
## VIOLATION OF SECTION 1981 OF U.S CONSTITUTION

Best Century Realty Corporation discriminated against the plaintiff in September 2011 when the plaintiff was homeless, by misrepresenting the conditions of an apt the plaintiff sought to rent and stealing the application fee from the plaintiff.

## COUNT XI
## FRAUD

Best Century Realty Corporation is also liable for fraud

## COUNT XII
## VIOLATION OF FEDERAL HOUSING ACTS

Best Century Realty Corporation violated federal housing acts by advertising on a website an apartment for rent and discriminating against the plaintiff on account of race..

## COUNT XIII
## BREACH OF CONTRACT

Best Century Realty Corporation is also liable for breach of contract

## COUNT XIV
## VIOLATION OF SECTION FEDERAL HOUSING ACTS

HPD officers are liable under this act by discriminating against the plaintiff in providing shelter and storage facilities.

## COUNT XV
## VIOLATION OF SECTION 1981 OF US CONSTITUTION

HPD officers are also liable for discriminating against the plaintiff in providing shelter and storage facilities.

## COUNT XVI
## SEXUAL HARRASMENT

Plaintiff asserts that one of the NYPD officers inquired into the plaintiff's nationality, and then proceeded to conduct a strip-search of the plaintiff in the apartment. The plaintiff contends that there was no probable cause to justify this search, and that the search exceeded the scope of what is constitutionally acceptable under those circumstances

## COUNT XVII

The Fire Department, City of New York FDNY EMT Jane Bragen also joined in harassing the client because of his ethnicity and race.

## COUNT XVIII
### SECTION 1983 OF US CONSTITUTION

The City of New York, City of New York, FDNY, NYPD (including the individual officers mentioned in this complaint), the landlord (also acting under the color of state law), HPD officers, New York City Department of Buildings, Jane Bragen (EMT FDNY), Walter Olsen (City of New York, Department of Buildings), George Sotiroff (City of New York, Department of Housing Preservation and Development), Verron Lewis (City of New York, Department of Housing Preservation and Development), Best Realty Corporation (used state licensure to discriminate against the plaintiff), Jon Silvieri (used state licensure to discriminate against plaintiff) all violated section 1983 of US Constitution by discriminating against the plaintiff.

## XIX
### Remedy.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally in the sum to exceed $10,000,000.00, in addition to corrective actions to be made regarding the NYPD and NYPD officers and any other systemic activities committed by the NYPD regarding improper and illegal searches. Also corrective action is also demanded against the New York City Department of Buildings for violations of individuals' due process and conducting unlawful searches (without court order or permission) of individuals' homes.

JANUARY 7, 2014
DATE

[signature]
347-289 9632

EXHIBIT A & B



COURTESY COPY

RECEIVED
SEP - 9 2013
PRO SE OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
Babatunde Olabopo,

          Plaintiff,

- against -

Milinda Henry Gomes,
The City of New York,
New York Police Department,
Norris, Badge # 6804,
Tjornhom, Badge # 6010,
Zaleski, Badge # 8987
Zielinski, Badge # 8664
New York City Department of Buildings
Walter Olsen, Badge # 2186
FDNY
Jane Bragen

          Defendants.
-------------------------------X

COMPLAINT

**CV 13    5052**

MAUSKOPF, J.

BLOOM, M.J.

I. Parties:

    Plaintiff <u>Babatunde Olabopo</u>, resides at <u>PO Box 20284, Staten Island, NY 10302</u>

        Defendant <u>Milinda Henry Gomes</u>, resides at <u>1402 N. Causeway Blvd, Mandeville, Louisania 70471</u>

        Defendant <u>The City of New York</u>, resides at

        Defendant <u>New York Police Department</u>, resides at

        Defendant <u>Norris</u>, resides at <u>122nd Precinct, 2320 Hylan Blvd, Staten Island, NY 10306</u>

Defendant <u>Tjornhom</u>, resides at <u>122nd Precinct, 2320 Hylan Blvd, Staten Island, NY</u>,

Defendant Zaleski, resides at <u>122nd Precinct, 2320 Hylan Blvd, Staten Island, NY</u>,

Defendant New York City Department of Buildings, resides at

Defendant Walter Olsen, resides at <u>New York City Department of Buildings,</u>

Defendant FDNY, resides at

Defendant Jane Bragen, resides at <u>FDNY</u>

II. The jurisdiction of the Court is invoked pursuant to 42 USC § - violation of civil rights, 4th amendment violation, diversity of citizenship and suing for amount exceeding $75,000, improper eviction, sexual harassment, harassment, negligence, retaliation

III. Statement of Claim

Plaintiff, Mr. Babatunde Olabopo, is a natural person of Nigerian ethnicity residing in the USA. Plaintiff is a resident of New York State, and events provoking this compliant occurred in New York State.

1. Plaintiff and his mother were both residing in their apartment on 38 Reid Ave, Staten Island, NY, where they had lived for many months until September 9, 2010 when the NYPD abused its authority by forcefully removing the plaintiff and his mother from their place of residence without any prior notice(s) or by an order from any court.

2. The plaintiff and his mother were the only residents in the apartment they were removed from, and they hadn't committed any crime and neither was any search warrant or eviction order issued by any court granting the NYPD authority to forcefully enter the apt that the plaintiff and his mother were residing in and forcefully evict both the plaintiff and his mother out of their apt.

3. NYPD officers, on September 9, 2010, forcefully broke into the plaintiff's apt without any search warrant and forcefully strip-searched the plaintiff and both the plaintiff and his mother

his mother out of their apt without any court order or prior notice to the plaintiff and his mother.

10. The plaintiff and his mother had their civil rights violated. They were called the N-word and harassed and treated badly because of their race. Their fourth amendment right to privacy, and against unreasonable searches and seizures was also violated. The NYPD officers and the Department of Building Inspector are also liable for personal injury to the plaintiff.

11. The plaintiff and his aged-mother posed no danger to the NYPD officers at the time the officers decided to use extreme force in brutalizing and dehumanizing them. The NYPD didn't have cause to arrest the plaintiff or his mother because they were both nonviolent and nonthreatening, yet the NYPD officers decided to use extreme force to brutalize and dehumanize both the plaintiff and his mother.

12. Pursuant to the aforementioned facts the plaintiff seeks to file the following charges against the landlord, and against the New York Police Department. Counts I-Vi, apply to the landlord, and Count VII and VIII applies to the New York Police Department, FDNY, New York Department of Buildings:

## COUNT 1.

### BREACH OF CONTRACT

The plaintiff's landlord is liable for breach of contract because the landlord and the plaintiff entered into a lease agreement which required the landlord to give the plaintiff 30-days of notice prior to dissolving the agreement. Since the landlord failed to give the plaintiff the required 30-days notice prior to forcibly removing the plaintiff and his mother from the apartment, the landlord breached the terms of their lease agreement.

## COUNT II

### FRAUD

The plaintiff asserts that the landlord purposely misrepresented the condition of the apartment for the purpose of inducing the plaintiff to enter into a lease agreement with the landlord. The plaintiff suffered by physical, financial, and emotional injury as the result of the landlord's fraud.

## COUNT III.
## TRESPASS TO CHATTEL

The landlord is liable for trespass to chattel for his actions involving entering into the plaintiff's apartment and removing his personal and tangible property, while the plaintiff resided in the unit, and the action continued after the plaintiff was wrongfully removed from the apartment

## COUNT IV.
## BURGLARY

The plaintiff asserts that the landlord entered into his apartment without permission with the intention to remove the plaintiff's personal property and permanently deprive him of the use of said personal property.

## COUNT V.
## PERSONAL INJURY

The Plaintiff asserts that the landlord personally injured the plaintiff on at least two (2) different occasions, and the matter was immediately reported to the NYPD. On one occasion, the NYPD had to call the ambulance to take the plaintiff to the hospital after the landlord assaulted the plaintiff. The NYPD took reports of the assaults but never took any action directly against the landlord for assaulting the plaintiff.

## COUNT VI.
## CONSTRUCTIVE EVICTION.

The plaintiff asserts that the landlord constructively evicted him and his mother from the apartment when he changed the locks on the door to the apartment on October 4, 2010, without giving the plaintiff prior notice, and with the intention of permanently denying the plaintiff access to the apartment without cause.

## COUNT VII.
## SEXUAL HARASSMENT

Plaintiff asserts that one of the NYPD officers inquired into the plaintiff's nationality, and then

proceeded to conduct a strip-search of the plaintiff in the apartment. The plaintiff contends that there was no probable cause to justify this search, and that the search exceeded the scope of what is constitutionally acceptable under those circumstances.

## COUNT VIII

The Fire Department, City of New York FDNY's EMT Jane Bragen also joined in harassing the client because of his ethnicity and race.

IV. Remedy.
WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally in the sum to exceed $10,000,000.00, in addition to corrective actions to be made regarding the police officer, and any other systemic activities committed by the New York Police Department regarding improper and illegal searches.

September 9, 2013
Date

347-289-9632

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 20 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BABATUNDE OLABOPO,

                Plaintiff,

  -against-

MILINDA HENRY GOMES, CITY OF NEW YORK,
NEW YORK POLICE DEPARTMENT, NORRIS
BADGE # 6804, TJORNHOM BADGE # 6010, ZALESKI
BADGE # 8987, ZIELINSKI BADGE # 8664, NEW YORK
CITY DEPARTMENT OF BUILDINGS, WALTER OWENS
BADGE # 2186, FDNY, and JANE BRAGEN,

                Defendants,
-----------------------------------------------------------------X

ORDER
13 CV 5052 (RRM)(LB)

**BLOOM, United States Magistrate Judge:**

      The Honorable Roslynn R. Mauskopf assigned this case to me for all pretrial purposes. Enclosed is a copy of the "Individual Practices of Magistrate Judge Lois Bloom." Both plaintiff and defendants are required to follow these rules. Plaintiff is to provide a copy of this Order and the enclosed rules to defendants along with the summons and complaint.

      The Court's records reflect that the complaint in this action was filed on September 9, 2013. Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Accordingly, if service is not made upon the defendants by January 7, 2014, or plaintiff fails to show good cause why such service has not been effected, it will be recommended that the Court should dismiss this action without prejudice.

      Plaintiff is required to advise the Clerk of Court of any change of address. Failure to keep the Court informed of plaintiff's current address means the Court will not know where to contact plaintiff and may result in dismissal of the case. For information regarding court

procedures, plaintiff may contact the Pro Se Office at the United States Courthouse by calling (718) 613-2665.

Consent for Electronic Service

Plaintiff may choose to receive electronic notification of court issued filings in this civil case. By registering for electronic notification plaintiff will be waiving his right to receive service of court issued documents such as notices, decisions, opinions, memoranda & orders, orders, judgments and appeal instructions in paper form by mail. Instead, plaintiff will be sent notices of electronic filing via e-mail. Because plaintiff will be receiving court-issued documents only in electronic form, plaintiff must maintain a valid email address and regularly check his email. For more information and for eligibility criteria, please review the enclosed "Instructions for Pro Se Registration and Consent for Electronic Service of Orders and Notices Issued by the Court in Civil Cases." If plaintiff is eligible and wishes to receive electronic notification of court issued documents, plaintiff should complete the attached Registration and Consent form and return the form(s) to the Court.[1]

SO ORDERED.

/S/ Judge Lois Bloom

LOIS BLOOM
United States Magistrate Judge

Dated: September 20, 2013
Brooklyn, New York

---

[1] If plaintiff has more than one action pending before the Court, plaintiff must complete a separate Registration and Consent form for each case in which plaintiff wants to receive electronic notifications. Additional copies of the form are available on the Court's website: www.nyed.uscourts.gov/forms/all-forms/prose_forms.

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

✓ This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☑ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

✓ Date: _____     ✓ _____
                                *Server's signature*

                            ✓ _____
                                *Printed name and title*


                            ✓ _____
                                *Server's address*

Additional information regarding attempted service, etc: