

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

THERESA D'ANDREA
*Assistant Corporation Counsel*
Phone: (212) 356-3187
Fax: (212) 356-3509
tdandrea@law.nyc.gov

April 1, 2014

**VIA ECF**
Honorable Roslynn R. Mauskopf
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Babatunde Olabopo v. City of New York, et al., 13-CV-5052 (RRM) (LB)

Your Honor:

    I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendants City of New York, Mr. Vernon Lewis, Detective Nicholas Norris, Mr. Walter Olsen, Mr. George Sotiroff, Officer Leif Tjornhom, Sergeant Robert Zaleski, and Officer Steven Zielinski in the above-referenced matter. I write pursuant to Your Honor's Individual Rules to request a pre-motion conference to discuss defendants' anticipated motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

    By way of background, plaintiff alleges, *inter alia*, that on various dates from 2008 to 2011, members of the New York City Police Department ("NYPD") failed to protect him from harm caused by private actors. Plaintiff has named as defendants the City of New York and the following City employees: Mr. Vernon Lewis and Mr. George Sotiroff from the Department of Housing and Preservation Development, Mr. Walter Olsen, who, at the time, was employed by the Department of Buildings, and NYPD officers Norris, Tjornhom, Zaleski, and Zielinski.[1]

---

[1] Plaintiff has also named private actors, Jane Bragen, Milinda Gomes, and Jon Silveri, as defendants. Upon information and belief, defendant Jane Bragen is not an employee of the New York Fire Department, but rather an employee of Staten Island University Hospital, which is a private hospital. Plaintiff also names the New York City Police Department and the New York City Department of Buildings; however, these are non-suable entities. See e.g., Jenkins v. City of N.Y., 478 F.3d 76, 93 (2d Cir. 2007) (holding the NYPD is a non-suable entity); McMillan v. Dep't of Bldgs., No.12-CV-318 (ENV), 2012 U.S. Dist. LEXIS 58671, at *5 (E.D.N.Y. Apr. 26, 2012) ("Thus, the New York City Department of Buildings, which is a city agency, is not a suable entity.").

Plaintiff's complaint, however, suffers from several deficiencies. First, plaintiff has failed to allege any personal involvement of defendants Lewis, Norris, Sotiroff, and Tjornhom as to his federal or state law claims. "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Spavone v. New York State Dep't of Corr. Servs., 719 F.3d 127, 135 (2d Cir. 2013) (citing Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)). Moreover, "[i]f a complaint names a defendant in the caption but fails to indicate how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint with regard to that defendant should be granted." Hucks v. Artuz, No. 99 Civ. 10420 (RMB) (RLE), 2001 U.S. Dist. LEXIS 2275, at *16 (S.D.N.Y. Feb. 27, 2001) (citing Dove v. Fordham University, 56 F. Supp. 2d 330, 336 (S.D.N.Y. June 14, 1999)). A plaintiff's complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Here, the complaint is completely barren of any facts that tend to suggest that defendants Lewis, Norris, Sotiroff, and Tjornhom were personally involved in plaintiff's alleged constitutional violations. Plaintiff does preface the complaint that "HPD Officers" refer to "City of New York, Department of Housing Preservation and Development employees: George Sotiroff and Vernon Lewis." First Amended Complaint, ¶ 2. Plaintiff, however, fails to allege any facts in the complaint about Sotiroff and Lewis' involvement in plaintiff's alleged constitutional violations. Instead, plaintiff provides conclusory statements at the end of his complaint, alleging in Count XIV that "HPD officers are liable under this act by discriminating against the plaintiff in providing shelter and storage facilities," and in Count XV, that "HPD officers are also liable for discriminating against the plaintiff in providing shelter and storage facilities." Conclusory statements, with no plausible facts alleged, cannot meet the Iqbal standard of alleging a federal claim. Furthermore, plaintiff does not even mention the names of Norris and Tjornhom anywhere in the complaint, let alone any plausible facts regarding Norris and Tjornhom's involvement in plaintiff's alleged constitutional violations. Plaintiff, therefore, has failed to state a claim against defendants Lewis, Norris, Sotiroff, and Tjornhom.

Second, plaintiff has no constitutional right to be protected from privately caused harm. Plaintiff alleges that defendants Zaleski and Zielinski refused to take any action against the landlord who had unlawfully taken plaintiff's possessions. First Amended Complaint, ¶ 17. However, "[t]he failure of the NYPD to respond to plaintiff's complaints is not a constitutional violation." Laupot v. City of New York, No. 01 Civ. 3294 (LMM), 2002 U.S. Dist. LEXIS 912, at *6 (S.D.N.Y. Jan. 18, 2002) (citing DeShaney v. Winnebago County Dept. of Social Servs., 489 U.S. 189, 195-96 (1989)); see also Warren v. Goord, No. 06-CV-1423 (RRM), 2013 U.S. Dist. LEXIS 45009, at **60-61, n. 10 (E.D.N.Y. Mar. 28, 2013) (dismissing plaintiff's argument because "[o]n the contrary, this presents no cognizable federal constitutional claim at all, as petitioner has no constitutional right to direct the course of a police investigation."). Plaintiff has no constitutional right to demand that defendant officers take police action, especially considering this incident involved a landlord-tenant issue. Plaintiff, therefore, has failed to allege a claim against defendants Zaleski and Zielinski.

Third, plaintiff alleges a deprivation of his due process rights against defendant Olsen when defendant Olsen, as an Inspector with the Department of Buildings, allegedly forced plaintiff to vacate his apartment and his personal belongings on September 9, 2010. First Amended Complaint, ¶ 10; see also Environmental Control Board ("ECB") Violations issued to landlord, Milinda Gomes, dated September 9, 2010, ticket nos. 034825516Z and 034825517K, publicly available at http://a820-

ecbticketfinder.nyc.gov/getViolationbyID.action, annexed hereto as Exhibit A. "[T]he Department of Buildings may issue vacate orders when a property presents a danger to the health and welfare of the inhabitants or others." Andrews v. City of New York, No. 01-CV-7333 (CPS), 2004 U.S. Dist. LEXIS 30290, at *3 (E.D.N.Y. Nov. 23, 2004). "In order for a plaintiff to establish a deprivation of property without due process, the plaintiff must 'first identify a property right, second show that the state has deprived him of that right, and third show that the deprivation was effected without due process.'" Id., at *38 (citing Mehta v. Surles, 905 F.2d 595, 598 (2d Cir. 1990)). "In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." Id., at *39 (emphasis added) (citing Zinermon v. Burch, 494 U.S. 113, 125-126 (1990) (internal citations omitted)). "Notices of violations do not entail a deprivation of property and illegal conversions are subject to proceedings before the Environmental Control Board." Id.; see also N.Y.C. Code § 27-118.1. "Where only property rights are concerned, an opportunity for a hearing and a judicial determination at some stage after the exercise of discretion is all that is constitutionally required." Id., at *40 (citing Catanzaro v. Weiden, 188 F.3d 56, 61 (2d Cir. 1999)). Although the ECB hearing is usually between a landlord and the issuing agency of the Vacate Order, in this case, "plaintiff failed to avail himself of the available post-deprivation remedy – an Article 78 proceeding in state court." Id. Plaintiff, as an allegedly lawful tenant to the apartment, could have filed suit in the Housing Part of Civil Court of the City of New York to seek removal of the conditions described in the Vacate Order by his landlord to allow him to return home, and to allow plaintiff to re-enter the apartment to regain possession of his belongings. See e.g., Farrell v. E.G.A. Assoc., Inc., 9 Misc. 3d 1118(A) (N.Y. Civ. Ct. 2005). Plaintiff cannot now bring a procedural due process claim in federal court when plaintiff was afforded an avenue of relief in state court and chose to not seek legal redress. Plaintiff, therefore, has failed to allege a claim against defendant Olsen.

Finally, plaintiff has failed to allege plausibly that defendant City is liable for his purported federal constitutional violations under a theory of municipal liability pursuant to Monell or for his state law violations pursuant to *respondeat superior* liability. In order to hold the City liable for his federal claims, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Simms v. City of New York, 480 Fed. Appx. 627, 629 (2d Cir. 2012) (internal cites omitted); see also Monell v. Dep't of Social Services, 436 U.S. 658 (1978). Here, plaintiff's complaint is completely barren of any facts that tend to suggest that an unlawful policy or custom of defendant City exists, let alone that any such policy or custom caused his purported injuries. Moreover, plaintiff has not alleged a constitutional violation, which is necessary to hold defendant City liable pursuant to Monell. As such, plaintiff has failed to allege plausibly that defendant City may be held liable for his federal claims.

In addition, both defendant City and defendant City employees cannot be held liable for any state law claims because plaintiff has failed to comply with conditions precedent to suit. Plaintiff has failed to file a notice of claim in accordance with New York General Municipal Law § 50-i(1); therefore, plaintiff cannot bring state law claims against defendant City or its employees.

For the foregoing reasons, defendants City, Lewis, Norris, Olsen, Sotiroff, Tjornhom, Zaleski, and Zielinski respectfully request that the Court schedule a pre-motion conference, at a date and time that is convenient to the Court, for the purpose of discussing its anticipated motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Thank you for your consideration herein.

Respectfully submitted,

*Theresa D'Andrea*
Theresa D'Andrea
*Assistant Corporation Counsel*

cc:  <u>VIA FIRST CLASS MAIL</u>
Babatunde Olabopo
Plaintiff *Pro Se*
PO Box 20284
Staten Island, NY 10302

# EXHIBIT A

Case 1:13-cv-05052-RRM-LB   Document 21   Filed 04/01/14   Page 5 of 9 PageID #: 155



# Violations with Hearings at the Environmental Control Board (ECB)

| | |
|---|---|
| **Ticket Number:** | 034825516Z |
| **Violation Date:** | 09/09/2010 |
| **Issuing Agency:** | DEPT OF BUILDINGS |
| **Respondent Name:** | MILINDA GOMES |
| **Balance Due:** | $2400.00   How To Pay   Note:-Additional interest may apply |
| **Violation Location:** | 38 REID AVENUE SI NY 10305 |
| **Respondent Address:** | 38 REID AVENUE SI NY 10305 |

View Violation Image

More Details

| | |
|---|---|
| **Status of Violation:** | DOCKETED |
| **Hearing Result:** | IN VIOLATION |
| **Hearing Location:** | Staten Island   Hearing Locations |
| **Hearing Date:** | 01/19/2011 |

New Search

Copyright 2013 The City of New York

# NYCServ Violation Copy
Internet



34825516Z

## NOTICE OF VIOLATION AND HEARING

**NYC Buildings**

COMMISSIONER OF THE DEPARTMENT OF BUILDINGS OF THE CITY OF NEW YORK, PETITIONER, AGAINST

**Violation No. 34825516Z**
ENVIRONMENTAL CONTROL BOARD

**Respondent:** First name: MiLiNDA    Last name: Gomes

Mailing address (Check if same address as place of occurrence)
Zip code: 10305

### Commissioner's Order To Correct Violations

Place of occurrence: 38th REID AVE    Boro: SI    Date of violation: 09/09/10    Type: CN    Dist: 02    Code: W6    No: 01

Construction type: TIE    BIN No: 5050129    No. of stories: 1    Block: 3391    Lot: 29    Occupancy at time of inspection: Residence    Basis of violation: 5087144

### Violating Conditions Observed

Stop Work Order: ☐ Full ☐ Partial    Class 1 ☑    Class 2 ☐    Class 3 ☐    Recurring Condition ☐

| Infraction Code | Provision of Law | |
|---|---|---|
| B103 | 28-118.3.2 | OCCUPANCY CONTRARY TO THAT ALLOWED BY BUILDING DEPT RECORDS. NOTED BN#276/84 INDICATES BUILDING TO BE OCCUPIED AS A 1-FAMILY DWELLING — NOW OCCUPIED AS A 2-FAMILY DWELLING — CELLAR HAS BEEN CONVERTED INTO A CLASS "A" APARTMENT 1-3 PIECE BATHRM. (ToileT Sink + Shower) 1-GAS STOVE FOR COOKING — 2- OCCUPANTS OCCUPYING CELLAR AT TIME OF INSPECTION — No SIGNS OF SMOKE OR CARBON DETECTORS PRESENT. |

**Remedy:** No ADEQUATE MEANS of EGRESS PRESENT.
**Remedy:** DISCONTINUE ILLEGAL USE IMMEDIATELY

☐ ILLEGAL CONVERSION - CLASS 1. Per 28-202.1 & 1RCNY 102-01, additional daily penalties for continued violation of 28-210.1 also applicable.
☐ Per 28-202.1 & 1RCNY 102-01, additional "Class 1" daily or "Class 2" monthly penalty also applicable.
☐ Aggravated II Condition per 1RCNY 102-01(f)

The Commissioner of the Department of Buildings orders that you correct these conditions and file a certificate of such correction.

### Resolution options

**CURE DATE:** —/—/—
**HEARING DATE:** 10/09/10 at ☑ 8:30 AM ☐ 10:30 AM ☐ 1:30 PM

If a date appears in the box above, you may have the option to admit the violation and certify correction by the "cure date." By doing so, you avoid a hearing before the Environmental Control Board and any penalties which would be assessed at the hearing. Note: Depending on the violation, non-ECB civil penalties may apply before a cure can be granted. For more information, see reverse side of the respondent copy of this Notice of Violation.

Environmental Control Board hearing locations:
☐ Queens, (718) 298-7300 - 144-06 94th Avenue, 1st fl.
☐ Manhattan, (212) 361-1400 - 66 John Street, 10th fl.
☐ Brooklyn, (718) 875-7428 - 233 Schermerhorn Street, 11th fl.
☐ Bronx, (718) 993-6110 - 3030 3rd Ave., 2nd fl.
☑ Staten Island, (212) 361-1400 - 350 St. Marks Place, 1st fl.

Proceedings will be held under the authority of the NYC Charter section 1049-a and the rules promulgated thereunder. This hearing is your opportunity to answer and defend against the allegations set forth above. Failure to appear, unless an appearance is not required through availability of a Cure or Stipulation (see reverse), will result in a default and imposition of maximum penalties.

Issuing officer's last name, first initial (print): OLSEN W.
Badge number: 1211861    Unit Code: 15C
Issuing officer's signature: Walter Olsen
This statement is affirmed under penalty of perjury.

Supervisor's signature: [signature]

I personally observed the violation(s) charged and/or verified their existence through review of departmental records.

34825516Z
ECB-PC (Rev. 8/08)

ORIGINAL-ECB COPY

 Office of Administrative Trials and Hearings

# Violations with Hearings at the Environmental Control Board (ECB)

Violation Details

| | |
|---|---|
| **Ticket Number:** | 034825517K |
| **Violation Date:** | 09/09/2010 |
| **Issuing Agency:** | DEPT OF BUILDINGS |
| **Respondent Name:** | MILINDA GOMES |
| **Balance Due:** | $1600.00   How To Pay   Note:-Additional interest may apply |
| **Violation Location:** | 38 REID AVENUE SI NY 10305 |
| **Respondent Address:** | 38 REID AVENUE SI NY 10305 |

View Violation Image

More Details

| | |
|---|---|
| **Status of Violation:** | DOCKETED |
| **Hearing Result:** | IN VIOLATION |
| **Hearing Location:** | Staten Island   Hearing Locations |
| **Hearing Date:** | 01/19/2011 |

New Search

Copyright 2013 The City of New York

# NYCServ Violation Copy
Internet


34825517K

---

**NOTICE OF VIOLATION AND HEARING**

**NYC Buildings**

COMMISSIONER OF THE DEPARTMENT OF BUILDINGS OF THE CITY OF NEW YORK, PETITIONER, AGAINST

**Violation No. 34825517K**
ENVIRONMENTAL CONTROL BOARD

Respondent: First name: MILINDA  Last name: Gomes
Mailing address: City: __  State: __  Zip code: 10235

Additional mailing to be sent (agent, care of, other): —

**Commissioner's Order To Correct Violations**

Place of occurrence: 38- Reid Ave
Boro: SI
Date of violation: 09/69/10
Type: CN
Dist: 02
Code: Wo
No: 02

Construction type: T/E
BIN No: 5050129
No. of stories: 1
Block: 3391
Lot: 29
Occupancy at time of inspection: Residence
Basis of violation: 508 7144

**Violating Conditions Observed**
Stop Work Order: ☑ Full  ☐ Partial
Class 1 ☑  Class 2 ☐  Class 3 ☐  Recurring Condition ☐

| Infraction Code | Provision of Law | |
|---|---|---|
| B101 | 28-105.1 | Work without permit. Noted work at cellar level. 1 gas line installed for stove (active) 1- 3 piece bath. rm (toilet sink + shower) No permits or approvals on file! |

**Remedy:** Obtain permits or Restore premises to legal prior condition

☐ ILLEGAL CONVERSION - CLASS 1, Par 28-202.1 & 1RCNY 102-01, additional daily penalties for continued violation of 28-210.1 also applicable.
☐ Per 28-202.1 & 1RCNY 102-01, additional "Class 1" daily or "Class 2" monthly penalty also applicable.
☐ Aggravated II Condition per 1RCNY 102-01(i)

**Resolution options**

CURE DATE: —/—/—
HEARING DATE: 11/03/60  at ☑ 8:30 AM ☐ 10:30 AM ☐ 1:30 PM

Environmental Control Board hearing locations:
☐ Queens  (718) 298-7300 - 144-06 94th Avenue, 1st fl.
☐ Manhattan  (212) 361-1400 - 66 John Street, 10th fl.
☐ Brooklyn  (718) 876-7426 - 233 Schermerhorn Street, 11th fl.
☐ Bronx  (718) 993-6110 - 3030 3rd Ave., 2nd fl.
☑ Staten Island  (212) 361-1400 - 350 St. Marks Place, 1st fl.

Issuing officer's last name, first initial (print): Olsen W.
Badge number: 1218761  Unit Code: 151C1
Issuing officer's signature: Walter Olsen
Supervisor's signature: DunCO   801

34825517K
ECB PC (Rev. 9/08)
ORIGINAL-ECB COPY

---

Fri, Mar 28, 2014  11:25 AM