UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BABATUNDE OLABOPO,

        Plaintiff,

    - against -

MILINDA HENRY GOMES, THE CITY OF NEW
YORK, NORRIS (BADGE #6804), TJORNHOM
(BADGE #6010), ZALESKI (BADGE #8987),
ZIELINSKI (BADGE #8664), WALTER OLSEN
(BADGE #2186), JANE BRAGEN, GEORGE
SOTIROFF, VERRON LEWIS, BEST CENTURY
REALTY CORPORATION, ACTUAL BEST
CENTURY REALTY CORPORATION, and JON
SILVERI,

        Defendants.
-----------------------------------------------------------------X

**MEMORANDUM AND ORDER**
13-CV-5052 (RRM) (LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

    Plaintiff *pro se* Babatunde Olabopo commenced this action against defendants Best Century Realty Corporation ("Best Century") and Jon Silveri, among others, alleging violations of 42 U.S.C. § 1981 and the Fair Housing Act (the "FHA"), as well as common law claims of fraud and breach of contract. (Am. Compl. (Doc. No. 6).) Defendants Best Century and Silveri moved for summary judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56. (Mot. Summ. J. (Doc. Nos. 68–69).)[1] Olabopo opposes the motion. (Pl. Opp'n (Doc. Nos. 67, 70).) Defendants did not reply. For the reasons set forth below, defendants' motion is denied.

---

[1] The Court notes that defendants Best Century and Silveri filed identical motions for summary judgment. (*See* Mot. Summ. J.) Accordingly, any reference to defendants' motion for summary judgment refers to both motions filed on the docket.

## BACKGROUND[2]

On September 2, 2011, Olabopo responded to an ad on Craigslist posted by Best Century, which listed an apartment for rent. (Am. Compl. at ¶ 18.) Olabopo paid an application fee for the apartment, but only after seeking assurances from a real estate agent at the office that the apartment was legal and above street level. (*Id.*) The real estate agent made said assurances, but the apartment was located below street level. (*Id.*) After Olabopo unsuccessfully demanded that his money be returned, he contacted the NYPD for assistance. (*Id.*) The NYPD refused to assist. (*Id.*)

## STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings, depositions, interrogatories, admissions, and affidavits demonstrate that there are no genuine issues of material fact in dispute and that one party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether a genuine issue of material fact exists, the evidence of the non-movant "is to be believed" and the court must draw all "justifiable" or "reasonable" inferences in favor of the non-moving party. *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)); *see also Brosseau v. Haugen*, 543 U.S. 194, 195 n.2 (2004). Nevertheless, once the moving party has shown that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, "the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial*,'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith*

---

[2] Considering defendants' failure to adhere to Local Civil Rule 56.1(a), which is discussed in greater detail below, the following factual summary is based on Olabopo's amended complaint.

*Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original), and "may not rely on conclusory allegations or unsubstantiated speculation," *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) (citing cases). In other words, the nonmovant must offer "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson*, 477 U.S. at 256. Where "the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to [its] case." *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993) (quoting *Celotex*, 477 U.S. at 322) (internal quotation marks omitted). Thus, "[a] defendant moving for summary judgment must prevail if the plaintiff fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case." *Allen v. Cuomo*, 100 F.3d 253, 258 (2d Cir. 1996) (citing *Anderson*, 477 U.S. at 247–48).

The Court must construe a *pro se* party's submissions "liberally and interpret[] [them] 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). Even so, "[a] *pro se* plaintiff . . . cannot defeat a motion for summary judgment by simply relying on the allegations of his complaint; he must present admissible evidence from which a reasonable jury could find in his favor." *Belpasso v. Port Auth. of N.Y. & N.J.*, 400 F. App'x 600, 601 (2d Cir. 2010) (citing *Champion v. Artuz*, 76 F.3d 483, 485 (2d Cir. 1996)).

## DISCUSSION

Under Federal Rule of Civil Procedure 56(e) and Local Civil Rule ("Local Rule") 56.1(a), the moving party must submit a "short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." The nonmoving party, in turn, must submit "a correspondingly numbered paragraph responding

to each numbered paragraph in the statement of the moving party . . . ." Local Civ. R. 56.1(b). "A pro se litigant is not excused from this rule, and a nonmoving party's failure to respond to a [Local] Rule 56.1 statement permits the court to conclude that the facts asserted in the statement are uncontested and admissible." *Berry v. Marchinkowski*, 137 F. Supp. 3d 495, 502 n.1 (S.D.N.Y. 2015) (internal quotation marks and citations omitted).

Moreover, a *pro se* litigant must be given express notice of the consequences of failing to respond appropriately to a motion for summary judgment, in the form of Local Rule 56.2. *See Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 621 (2d Cir. 1999); *see also* Local Civ. R. 56.2 ("Any represented party moving for summary judgment against a party proceeding *pro se* shall serve and file as a separate document . . . a 'Notice to Pro Se Litigant Opposing Motion for Summary Judgment.'"). Where the proper notice has not been given, courts must consider "whether from all of the circumstances, including the papers filed by the *pro se* litigant, it is reasonably apparent that the litigant understood the nature of the adversary's summary judgment motion and the consequences of not properly opposing it." *Sawyer v. Am. Fed'n of Gov't Employees*, 180 F.3d 31, 35 (2d Cir. 1999).

In the instant action, defendants submitted a Local Rule 56.1 statement, to which Olabopo failed to respond. (*See* Defs. 56.1 (Doc. Nos. 68–69) at 2.) However, defendants failed to serve or file the requisite Local Rule 56.2 notice to Olabopo, nor did they delineate the legal standard for granting summary judgment. *See* Local Civ. R. 56.2. Notably, in setting the briefing schedule for this motion, the magistrate judge reminded defendants to comply with Local Rules 56.1 and 56.2. (10/19/16 Order (Doc. No. 63) at 1 n.1.) Moreover, nothing in the record – or Olabopo's one-page response to defendants' motion – suggests that Olabopo independently understood his obligations on a motion for summary judgment, as he did not

submit a Statement of Material Facts required under Local Rule 56.1 or submit evidence or affidavits contradicting any of the facts in the defendants' motion. *Compare Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 621 (2d Cir. 1999) (finding that where *pro se* non-movant submitted only one paragraph response, which attached one exhibit, and did not submit a 56.1 statement, the court could not determine the *pro se* party "knew that he was required to present counter-affidavits or other documentary evidence"), *and McPherson v. Coombe*, 174 F.3d 276, 281 (1999) (holding that a *pro se* plaintiff's mere awareness of Rule 56 does not "constitut[e] the understanding of the nature and consequences of summary judgment required under *Vital*"), *and Bourdon v. Loughren*, 7 F. App'x 116, 118–19 (2d Cir. 2001) (finding *pro se* non-movant did not sufficiently understand the nature and consequences of summary judgment where non-movant merely cited Rule 56 and filed a one-and-one-half page response to defendants' motion for summary judgment, without affidavits and other documentary evidence to support his claim), *with M.B. v. Reish*, 119 F.3d 230, 232 (2d Cir. 1997) (finding that where *pro se* non-movant submitted a 40-page memorandum of law, 27-page declaration of facts, a counterstatement of disputed facts, and a cross-motion for summary judgment, the court could determine that the *pro se* party "understood the consequences of a summary judgment motion and the requirements of a successful response").

Moreover, defendants' own Local Rule 56.1 statement violates Local Rule 56.1(d) in that it fails to cite to <u>any</u> record evidence to support their five sentence statement. (*See* Defs. 56.1 at 2); Local Civ. R. 56.1(d) (providing that "[e]ach statement of material fact by a movant or opponent must be followed by citation to evidence which would be admissible" as required by Fed. R. Civ. P. 56(e)). And in addition, defendants' motion fails to include a memorandum of law, or even cite to <u>any</u> case law in support their wholly conclusory legal assertions. Thus,

5

defendants have left the Court without <u>any</u> record evidence or legal basis on which to decide their motion.

Accordingly, given defendants' woefully inadequate submissions, and their failure to even minimally comply with Local Civil Rules 56.1 and 56.2, defendants' joint motion is denied.

## CONCLUSION

For the reasons stated above, defendants' motion for summary judgment (Doc. Nos. 68–69) is denied. The Clerk of Court is directed to mail a copy of this Memorandum and Order to plaintiff Olabopo at the address listed for him on the docket.

SO ORDERED.

Dated: Brooklyn, New York
September 15, 2017

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge

6