UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BABATUNDE OLABOPO,

                Plaintiff,                  **ORDER TO SHOW CAUSE**
                                                        13-CV-5052 (RRM) (LB)

    - against -

MILINDA HENRY GOMES; THE CITY OF NEW
YORK; NORRIS (BADGE #6804); TJORNHOM
(BADGE #6010); ZALESKI (BADGE #8987);
ZIELINSKI (BADGE #8664); WALTER OLSEN
(BADGE #2186); JANE BRAGEN, GEORGE
SOTIROFF; VERRON LEWIS; BEST CENTURY
REALTY CORPORATION; ACTUAL BEST
CENTURY REALTY CORPORATION; and JON
SILVERI,

                Defendants.
------------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

      It is hereby **ORDERED** that, by November 8, 2017, plaintiff *pro se* Babatunde Olabopo **SHOW CAUSE IN WRITING** (1) why the Court's September 28, 2016 Order of dismissal should be vacated; and (2) why his claims against the City of New York and the named New York Police Department ("NYPD") officers (collectively, the "City defendants") should not be dismissed for failure to prosecute.

      On April 22, 2014, the Court set a briefing schedule for the City defendants' motion to dismiss Olabopo's complaint. (*See* 4/22/14 Order.) The City defendants were directed to serve their motion papers by May 13, 2014, Olabopo was directed to serve his opposition papers by June 3, 2014, and the City defendants were directed to serve the fully briefed motion, together with any reply, by June 13, 2014. (*See id.*) During a span of 17 months after that Order, Olabopo requested six extensions of time to respond to the City defendants' motion to dismiss, which the Court granted. (*See* 9/18/15 Order; 8/17/15 Order; 10/8/14 Order; 9/3/14 Order;

7/2/14 Order; 6/4/14 Order; *see also* 12/9/14 Order.) Despite these extensions, all of which were served on Olabopo and reflected on the docket, Olabopo failed to comply with the Court's briefing orders. The Court deemed the motion to dismiss fully briefed on October 29, 2015 and granted the motion, (*see* 9/28/16 M&O (Doc. No. 57)). The Court, nonetheless, gave Olabopo leave to file an amended complaint within 30 days of its Memorandum and Order dismissing his claims against the City defendants. (*See id.*) The Court noted that any amended complaint must plead facts sufficient to support a plausible claim under Federal Rule of Civil Procedure ("Rule") 8(a). (*See generally id.*) Olabopo failed to file an amended complaint.

On November 30, 2016, the City defendants filed a request for a pre-motion conference to file a motion to dismiss Olabopo's claims for failure to prosecute. (*See* PMC Request (Doc. No. 66).) The City defendants served Olabopo a copy of their request via e-mail and first class mail, (*see* PMC Request), but Olabopo failed to respond. On February 16, 2017 – more than three months after the Court's September 28, 2016 Order of dismissal – Olabopo filed a letter requesting to vacate the Court's September 28, 2016 Order. (*See* Vacate Request (Doc. No. 74).)

On October 12, 2017, the City defendants renewed their request to file a motion to dismiss Olabopo's claims for failure to prosecute, noting that Olabopo has failed to file an amended complaint and has taken no action other than repeatedly asking for extensions and not meeting deadlines set by the Court. (*See* Second PMC Request (Doc. No. 80).)

Rule 41(b) governs the dismissal of an action for failure to prosecute, providing that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order," or where a plaintiff fails to "take any substantial steps to move his case forward" and offers no valid justification or excuse for his inaction, a defendant may move to dismiss the action or any claim against it. *West v. City of New York*, 130 F.R.D. 522, 526 (S.D.N.Y. 1990); *see also* Fed. R. Civ. P. 41(b); *Chira*

*v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666 (2d Cir. 1980) (finding a failure to comply with court orders or "to take any other action to move his case" forward were grounds to dismiss for failure to prosecute). A district court may also dismiss a plaintiff's case *sua sponte* for failure to prosecute. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001); *see Storey v. O'Brien*, 482 F. App'x 647, 648 (2d Cir. 2012). In considering whether dismissal is proper, courts consider the following factors: (1) the duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) the efficacy of lesser sanctions. *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

Rule 59(e) and Rule 60(b) govern requests to "vacate" or reconsider an order of dismissal. A motion to alter a judgment pursuant to Rule 59(e) "may be granted 'only if the movant satisfies the heavy burden of demonstrating an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Fireman's Fund Ins. Co. v. Great Am. Ins. Co.*, 10 F. Supp. 3d 460, 475 (S.D.N.Y. 2014) (quoting *Hollander v. Members of the Bd. of Regents of the Univ. of the State of N.Y.*, 524 F. App'x 727, 729 (2d Cir. 2013)). The Second Circuit has noted that it is "'well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

Rule 60(b) provides that the Court may relieve a party from a final judgment, order or proceeding due to:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). Whether to grant a motion for relief under Rule 60(b) is within the discretion of the court. *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012).

In light of the foregoing, Olabopo is ordered to show cause in writing by November 8, 2017, (1) why the Court's September 28, 2016 Order of dismissal should be vacated; and (2) why his claims against the City of New York and the named NYPD officers should not be dismissed for failure to prosecute. Olabopo is warned that a failure to respond to this Order may result in dismissal of this action for failure to prosecute, and denial of Olabopo's request to vacate the Court's September 28, 2016 Order.

The Clerk of Court is directed to transmit a copy of this Order to Show Cause, together with a copy of the docket sheet, to *pro se* plaintiff Babatunde Olabopo *both* by overnight mail and email at the following addresses and note the mailing on the docket:

Babatunde Olabopo
2578 Broadway #131
C/O Global Copy
New York, NY 10025

babatundeolabopo@aol.com

SO ORDERED.

Dated: Brooklyn, New York
October 17, 2017

s/Roslynn R. Mauskopf
_____
ROSLYNN R. MAUSKOPF
United States District Judge