UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
BABATUNDE OLABOPO,

                Plaintiff,

  - against -

MILINDA HENRY GOMES; THE CITY OF NEW
YORK; NEW YORK CITY POLICE DEPARTMENT;
NORRIS (BADGE #6804); TJORNHOM (BADGE
#6010); ZALESKI (BADGE #8987); ZIELINSKI
(BADGE #8664); NEW YORK CITY DEPARTMENT
OF BUILDINGS; WALTER OLSEN (BADGE #2186);
FDNY; JANE BRAGEN; GEORGE SOTIROFF;
VERRON LEWIS; BEST CENTURY REALTY
CORPORATION; ACTUAL BEST CENTURY
REALTY CORPORATION; and JON SILVERI,

                Defendants.
----------------------------------------------------------------X

**MEMORANDUM AND ORDER**
13-CV-5052 (RRM) (LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff *pro se* Babatunde Olabopo brings this action against, *inter alia*, the City of New York; New York City Police Officers Norris, Tjornhom, Zaleski, and Zielinski;[1] Inspector Walter Olsen of the New York City Department of Buildings ("NYC DOB"); and George Sotiroff and Verron Lewis, two employees of the New York City Department of Housing Preservation and Development (together, "Moving Defendants"). (Am. Compl. (Doc. No. 6).) The Court previously granted Moving Defendants' motion to dismiss but gave Olabopo 30 days to file an amended complaint. (Order of Dismissal (Doc. No. 57).)[2] Olabopo did not file an amended complaint, but, four and a half months after the Order of Dismissal was issued, he

---

[1] Defendants have identified these parties as Detective Nicholas Norris, Officer Leif Tjornhom, Sergeant Robert Zaleski, and Officer Steven Zielinski. (Mot. to Dismiss (Doc. No. 29) at 1.)

[2] The Order of Dismissal also dismissed claims against the New York Police Department, Fire Department of New York, and NYC DOB, as they are non-suable entities. (Order of Dismissal at 6–7, 15.) No leave to amend was granted as to those claims. (*Id.*)

requested leave to move to vacate it. (Mot. to Vacate (Doc. No. 74).) The Court ordered Olabopo to show cause why vacatur should be granted and why his claims should not be dismissed for failure to prosecute. (Order to Show Cause (Doc. No. 81).) Now before the Court is Olabopo's request for an extension of time to respond to the Court's Order to Show Cause and Moving Defendants' motion to dismiss for failure to prosecute. (Defs.' Mot. (Doc. No. 80); Pl.'s Mot. (Doc. No. 82).) For the reasons explained below, Olabopo's request for an extension of time is denied. As a result of that denial, the Court rules on Olabopo's motion to vacate, which is denied. Finally, Moving Defendants' motion to dismiss for failure to prosecute is granted.

## BACKGROUND

The procedural history pertinent to Moving Defendants is as follows. Olabopo filed the currently operative Amended Complaint on January 8, 2014, alleging claims against Moving Defendants, the New York City Policy Department ("NYPD"), NYC DOB, the Fire Department of New York ("FDNY"), an individual believed to be a firefighter, his landlord, two realty corporations, and the corporations' attorney. (Am. Compl.) On November 13, 2014, Moving Defendants moved to dismiss Olabopo's complaint for failure to state a claim. (Mot. to Dismiss (Doc. No. 29).) Over the following year, Olabopo requested six successive extensions of time to oppose the motion; however, he did not file an opposition. (Mots. for Extensions of Time (Doc. Nos. 25, 26, 27, 28, 36,[3] 42).) On Moving Defendants' motion, the Court deemed the motion to dismiss fully briefed. (10/29/2015 Order.) In a written Order dated September 28, 2016, Olabopo's claims against Moving Defendants were dismissed; however, Olabopo was granted 30 days' leave to file an amended complaint. (Order of Dismissal at 14–15.) The Order of

---

[3] This request was denied in a minute Order, noting, "The Court has afforded *pro se* plaintiff multiple extensions of his time to file a response to defendants' motion to dismiss, and specifically advised plaintiff that the prior extension granted by the Court would be the final one." (12/9/2014 Order.) However, the Court later granted Olabopo additional time *sua sponte*. (Order (Doc. No. 38).)

Dismissal further noted, "If Olabopo fails to amend his complaint within thirty (30) days of the date of this Order, his claims against [Moving Defendants] will also be dismissed." (*Id.* at 15.)[4]

On November 30, 2016, more than a month after Olabopo's 30-day period had passed, Moving Defendants filed a request to move to dismiss for failure to prosecute. (Mot. for Conference (Doc. No. 66).) On February 16, 2017, now almost four months after Olabopo's 30-day period to file an amended complaint had passed, Olabopo requested leave to move to vacate the Court's Order of Dismissal. (Mot. to Vacate.) On October 12, 2017, Moving Defendants moved to dismiss for failure to prosecute. (Defs.' Mot.) On October 17, 2017, this Court issued an Order requiring Olabopo to show cause by November 8, 2017 why the Court's original Order of Dismissal should be vacated, and why Olabopo's claims against the City of New York and the named police officers should not be dismissed for failure to prosecute.[5] (Order to Show Cause.) The Order to Show Cause made clear: "Olabopo is warned that a failure to respond to this Order may result in dismissal of this action for failure to prosecute, and denial of Olabopo's request to vacate the Court's September 28, 2016 Order." (*Id.* at 4.) On November 8, 2017, Olabopo moved for an extension of time to respond to the Order to Show Cause. (Pl.'s Mot.) Moving Defendants opposed this request, and Olabopo replied in further support of his extension. (Defs.' Opp'n (Doc. No. 83); Pl.'s Reply (Doc. No. 84).)

**STANDARD OF LAW**

Federal Rule of Civil Procedure ("Rule") 6(b)(A) provides that "When an act may or

---

[4] The minute entry accompanying the Order of Dismissal also noted, "Failure to respond will result in dismissal of this action against these defendants." (9/29/2016 Order.)

[5] This latter portion of the Order to Show Cause did not address Olabopo's claims against three of the Moving Defendants – Olsen, Sotiroff, and Lewis, who are not police officers. (Order to Show Cause at 1.) However, Olabopo was ordered to address the Court's Order of Dismissal, which specifically noted that claims against all Moving Defendants (expressly including Olsen, Sotiroff, and Lewis) might be dismissed if Olabopo failed to amend his complaint within the 30 days allotted. (Order of Dismissal at 15.) Olabopo therefore has had adequate notice that the claims against all Moving Defendants may be dismissed for failure to prosecute.

3

must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made, before the original time or its extension expires." Such requests "lie within the broad discretion of the district court." *ICBC (London) PLC v. Blacksands Pac. Grp., Inc.*, No. 15-CV-70 (LAK), 2016 WL 7378778, at *3 (S.D.N.Y. Dec. 15, 2016), *appeal dismissed* (Mar. 21, 2017). "Extensions usually will be granted unless the moving party has been negligent, lacked diligence, acted in bad faith, or abused the privilege of prior extensions." *Id.* (citation and quotation marks omitted).

Rules 59(e) and govern requests to "vacate" or reconsider an order of dismissal. A motion to alter a judgment pursuant to Rule 59(e) "may be granted 'only if the movant satisfies the heavy burden of demonstrating an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Fireman's Fund Ins. Co. v. Great Am. Ins. Co.*, 10 F. Supp. 3d 460, 475 (S.D.N.Y. 2014) (quoting *Hollander v. Members of the Bd. of Regents of the Univ. of the State of N.Y.*, 524 F. App'x 727, 729 (2d Cir. 2013)). The Second Circuit has noted that it is "'well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

Rule 60(b) provides that the Court may relieve a party from a final judgment, order or proceeding due to:

> (1) mistake, inadvertence, surprise, or excusable neglect;

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

"A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). Whether to grant a motion for relief under Rule 60(b) is within the discretion of the court. *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012).

Rule 41(b) governs the dismissal of an action or claim for a plaintiff's failure to prosecute or comply with a court order. Rule 41(b) provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

Dismissals pursuant to Rule 41 are within the discretion of the court. *See Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993) (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42–43 (2d Cir. 1982)). In considering whether dismissal is proper, courts consider the following factors: (1) the duration of the plaintiff's failure to comply with court orders; (2) whether the plaintiff was on notice that failure to comply would result in dismissal;

5

(3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (citation and quotation marks omitted). Generally, no one factor is dispositive. *Id.* In weighing the five factors, a court must consider the record of the entire case as a whole. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009). A court may find the standard for dismissal satisfied where it finds "an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp.*, 682 F.2d at 42. "The latter may consist, for example, of groundless motions, repeated requests for continuances or persistent late filings of court ordered papers." *Id.*

The Court is mindful of its obligation to construe *pro se* submissions liberally. *See generally Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). The Court accordingly holds *pro se* submissions to a less exacting standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008). Since *pro se* submissions "are entitled to a liberal construction," the Court reads them "to raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (citation and quotation marks omitted). However, the Court "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist." *Molina v. New York*, 956 F. Supp. 257, 259 (E.D.N.Y. 1995).

## DISCUSSION

**I.    Olabopo's Request for an Extension of Time**

In Olabopo's request for an extension of time to respond to the Court's Order to Show Cause, he explains that he has experienced a number of extenuating circumstances. These include "continuous attacks by criminals, which the police have been reluctant to help investigate or render police assistance,"[6] "severe life-threatening stress," "a sudden fire that destroyed my home on March 19, 2014 followed by the sudden death of my mother," and homelessness "after having been unlawfully and forcefully evicted by NYPD officers since 2010 (as stated in my Amended complaint)." (Pl.'s Mot. at 1–2.) He also states that he is negotiating with a law firm to represent him in this case. (Pl.'s Mot. at 2.)[7]

Moving Defendants opposed Olabopo's request for an extension of time, arguing that Olabopo "has continually delayed this case for years and has taken no real action other than repeatedly asking for extensions and not meeting deadlines set by the Court." (Defs.' Opp'n at 1.) Olabopo's reply letter largely reiterates the same arguments as his extension request, adding that "I have been informed by Google just this year about attempted security breaches into my email account that contains privileged information." (Pl.'s Reply at 2.) He also includes a request "to alternatively have Counsel assigned by the Court" in the event Olabopo is unable to obtain his own representation. (*Id.*)

The Court is mindful that Olabopo has reported a number of struggles throughout this litigation, that some portion of Olabopo's delay may be attributable to efforts to obtain

---

[6] Olabopo states he was attacked by groups of "hoodlums" on May 24, 2017, and May 31, 2017, and that he was robbed in August 2017. (Pl.'s Mot. at 2.) He states that police officers refused to investigate or allow Olabopo to file a report on all three occasions. (*Id.*) Olabopo believes the motivation behind these assaults is "to coerce and intimidate me from working on my court papers." (*Id.*)
[7] To date, no notice of appearance has been filed.

representation, and that this is his first request for an extension of time with respect to this particular Order to Show Cause. However, the Court is likewise mindful that, previously, in spite of receiving six extensions granting an additional 16 months of time, Olabopo ultimately did not file the motion papers for which he received those extensions, and that this new request is based on the same reasons as prior requests.[8] Accordingly, Olabopo's lack of diligence and abuse of prior extensions counsels against granting further extensions of time. *See generally ICBC (London) PLC*, 2016 WL 7378778, at *3.

With this background, the Court does not find good cause to extend Olabopo's time to respond to the Court's Order to Show Cause, and his request is denied. *See Karron v. United States*, No. 12-CV-118 (RPP), 2012 WL 4328326, at *1–2 (S.D.N.Y. Sept. 21, 2012) (denying motion for reconsideration of plaintiff's third request for an extension of time, where plaintiff had "repeated opportunities" to comply with court's order).

To the extent Olabopo seeks court-appointed counsel, he has not established the threshold requirement that his claims are "likely to be of substance." *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003) (citation omitted). Accordingly, Olabopo's request for appointed counsel is denied.

## II. Olabopo's Motion to Vacate the Court's Order of Dismissal

The Court construes Olabopo's letter requesting leave to move to vacate the Court's Order of Dismissal as a motion for reconsideration of that Order pursuant to Rules 59(e) and/or 60(b). (*See* Order to Show Cause at 3–4.) "The standard for granting such a motion is strict, and

---

[8] In the past, Olabopo's motions for extensions of time have cited reasons such as: attempts to obtain representation (Doc. No. 26); inability to obtain representation (Doc. No. 27); robbery (Doc. No. 28); homelessness, the loss of his mother, and abandonment of his case by an attorney (Doc. No. 36); and the loss of his mother, problems with his email, and a period of not checking his postal mail (Doc. No. 42). In Olabopo's request to move to vacate the Court's Order of Dismissal, he likewise cited to his homelessness, the loss of his mother, abandonment of his case by an attorney, and a "stress-induced disability." (Mot. to Vacate at 1.)

reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted). "Reconsideration is appropriate in light of an intervening change of controlling law, the availability of new evidence, the need to correct a clear error, or to prevent manifest injustice." *T.Z. v. City of New York*, 634 F. Supp. 2d 263, 268 (E.D.N.Y. 2009).

In his motion, Olabopo reiterates facts alleged in his amended complaint and refers the Court to case law that is not relevant to the Court's rationale in its Order of Dismissal. For instance, Olabopo repeats his allegations that Inspector Olsen fabricated exigent circumstances requiring Olabopo to vacate his home and that "there is a general practice of NYPD fabricating summonses to effect unlawful arrests." (Mot. to Vacate at 1–2 (citing *Stinson v. City of New York*, 282 F.R.D. 360 (S.D.N.Y. 2012).) These allegations and arguments were already addressed in the Court's Order of Dismissal. (Order of Dismissal at 9–14.) Therefore, Olabopo does not set forth any basis for relief, and the Court has not found any legal or factual error in its Order of Dismissal that would warrant reconsideration. Accordingly, Olabopo's motion for reconsideration is denied.

**III.     Moving Defendants' Motion to Dismiss for Failure to Prosecute**

In considering whether dismissal is proper, the Court finds that all of the factors noted above weigh in favor of dismissal. *Lewis*, 564 F.3d at 576 (courts must consider the record of the entire case as a whole). First, with respect to duration of delay, Olabopo did not file motion papers after receiving 16 months of additional time to do so, and he has again sought additional time to respond to the Court's Order to Show Cause. Such delay is substantial. Second, with respect to notice, Olabopo has been expressly warned more than once that his failure to meet

9

deadlines might result in dismissal. Third, with respect to prejudice to Moving Defendants, there is a presumption that a plaintiff's unreasonable delay prejudices the defendant. *See, e.g.*, *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999) ("A presumption of prejudice is particularly appropriate where . . . the plaintiff's delay was prolonged.") (citing *Lyell Theatre Corp.*, 682 F.2d at 43). Here, the passage of over four years since the filing of the amended complaint causes memories to fade, evidence to become stale or lost, and in these and other ways, prejudices Moving Defendants. Fourth, Olabopo has received numerous chances to be heard, and the claims against Moving Defendants have not substantively moved forward for years. Finally, no lesser sanction than dismissal is likely to be effective given Olabopo's inability to meet deadlines even when the Court has explicitly put him on notice that missing them may result in dismissal. *See Davis v. Town of Hempstead*, 597 F. App'x 31, 32 (2d Cir. 2015). In this case, the Court finds that the standard of dismissal is satisfied, particularly in light of his repeated requests for continuances. *See Lyell Theatre Corp.*, 682 F.2d at 42. Accordingly, Moving Defendants' motion to dismiss for failure to prosecute is granted.

## CONCLUSION

For the reasons explained above, Olabopo's motion for an extension of time to respond to the Court's Order to Show Cause (Doc. No. 82) is denied. Olabopo's motion for reconsideration of the Court's Order of Dismissal (Doc. No. 74) is denied. Moving Defendants' motion to dismiss for failure to prosecute (Doc. No. 80) is granted.

As a result, all claims against the following defendants are dismissed: the City of New York, New York City Police Department, Norris (Badge #6804), Tjornhom (Badge #6010), Zaleski (Badge #8987), Zielinski (Badge #8664), New York City Department of Buildings, Walter Olsen (Badge #2186), FDNY, George Sotiroff, and Verron Lewis.

Olabopo's claims against Milinda Henry Gomes, Jane Bragen, Best Century Realty Corporation, Actual Best Century Realty Corporation, and Jon Silveri remain.

This action is recommitted to the Honorable Magistrate Judge Lois Bloom for supervision of all pre-trial matters.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to terminate defendants City of New York, New York City Police Department, Norris (Badge #6804), Tjornhom (Badge #6010), Zaleski (Badge #8987), Zielinski (Badge #8664), New York City Department of Buildings, Walter Olsen (Badge #2186), FDNY, George Sotiroff, and Verron Lewis. The Clerk of Court is further respectfully directed to mail a copy of this Memorandum and Order to plaintiff Babatunde Olabopo, *pro se*, both by mail at the address listed on the docket and by email to babatundeolabopo@aol.com, and note the mailings on the docket.

SO ORDERED.

Dated: Brooklyn, New York  
       September 26, 2018

*Roslynn R. Mauskopf*

_____  
ROSLYNN R. MAUSKOPF  
United States District Judge