UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BABATUNDE OLABOPO,

                Plaintiff,

  - against -

MILINDA HENRY GOMES et al.,

                Defendants.
-------------------------------------------------------------------X

**ORDER ADOPTING REPORT AND RECOMMENDATION**
13-CV-5052 (RRM) (LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

By Memorandum and Order dated September 26, 2018 (the "September Order"), the Court dismissed *pro se* plaintiff Babatunde Olabopo's claims against 11 of the 16 defendants in this action and recommitted the action to the Honorable Magistrate Judge Lois Bloom to conduct discovery on the surviving claims. The September Order was sent to Olabopo by postal mail and by electronic service to his email.

In an order dated September 28, 2018, Judge Bloom scheduled a conference to be held on October 10, 2018. In light of Olabopo's prior conduct, including years of requesting extensions of time without substantively participating in the ligitation, Judge Bloom warned Olabopo that failure to appear would result in a recommendation that this action be dismissed. The scheduling Order was also sent by mail and electronically. Olabopo did not appear at the conference on October 10.

On October 12, 2018, Judge Bloom issued a Report and Recommendation ("R&R"), recommending that this action be dismissed following Olabopo's failure to appear at the October 10 conference, pursuant to Federal Rules of Civil Procedure ("Rules") 16(f) and 37(b)(2)(A)(v). Judge Bloom reminded the parties that Rule 72(b) requires that any objections to the R&R be filed within 14 days. (*Id.* at 4.) The R&R was sent to Olabopo by mail and electronically.

On October 23, 2018, copies of the September Order and Judge Bloom's scheduling Order were returned through postal mail as undeliverable. On October 30, 2018, a copy of the R&R was also returned as undeliverable. However, Olabopo consented to electronic service at the outset of this action (Pro Se Consent for Electronic Service (Doc. No. 7)), and the Court has received no indication that electronic service of these documents to Olabopo's email address was unsuccessful. "It is plaintiff's responsibility to keep the Court informed of his current address." *Aponte v. Atl. Exp. Transp.*, No. 07-CV-5325 (CBA) (LB), 2008 WL 2388256, at *5 (E.D.N.Y. June 11, 2008) (collecting cases). "When a *pro se* litigant fails to provide the Court with notice of a change of address and misses a Court conference as a result of this failure, the Court may deny that litigant relief." *Id.* As such, the fact that the Court's Orders have been returned as undeliverable does not alter the Court's decision on whether or not to adopt the R&R.

Pursuant to 28 U.S.C. § 636(b) and Rule 72, the Court has reviewed the R&R for clear error and, finding none, concurs with the R&R in its entirety. *See Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007).

Accordingly, the Clerk of Court is respectfully directed to send a copy of this Order and accompanying Judgment to plaintiff Babatunde Olabopo electronically and note the service on the docket. The Clerk of Court is further directed to enter judgment pursuant to this Order and close the case.

SO ORDERED.

Dated: Brooklyn, New York
       Nov. 9, 2018

s/ Roslynn R. Mauskopf

ROSLYNN R. MAUSKOPF
United States District Judge